1          IN THE UNITED STATES DISTRICT COURT

2            EASTERN DISTRICT OF CALIFORNIA

3          BEFORE THE HONORABLE JOHN A. MENDEZ

4   MOZAFAR HENDESSI,

5                  Plaintiff,
    vs.                        Sacramento, California
6                              No. 2:17-CV-02175
                               Tuesday, February 27, 2018
7   CLEAR CHANNEL OUTDOOR, INC.,  1:34 p.m.

8                  Defendant.
    _____/
9

10                      --oOo--

11          REPORTER'S TRANSCRIPT OF PROCEEDINGS

12      RE:  MOTION FOR JUDGMENT ON THE PLEADINGS

13                      --oOo--

14  APPEARANCES:

15  For the Plaintiff:      LAW OFFICES OF ALLA V. VOROBETS
                            BY:  ALLA V. VOROBETS
16                               Attorney at Law
                            4790 Dewey Drive, Suite J
17                          Fair Oaks, CA  95628

18

    For the Defendant:      REED SMITH LLP
19                          BY:  JAMES DAIRE
                                 Attorney at Law
20                          101 Second Street, Suite 1800
                            San Francisco, CA  94105
21

    Official Reporter:      Kacy Parker Barajas
22                          CSR No. 10915, RMR, CRR, CRC
                            501 I Street
23                          Sacramento, CA  95814
                            kbarajas.csr@gmail.com

24

25  *Transcript produced by computer-aided transcription.*

1    SACRAMENTO, CALIFORNIA, TUESDAY, FEBRUARY 28, 2018, 1:34 PM

2                              --oOo--

3          THE CLERK:  Calling civil 17-2175, Hendessi versus

4    Clear Channel Outdoor, Inc.

5          Have counsel approach and state your appearances,

6    please.

7          MS. VOROBETS:  Good afternoon, your Honor.  Alla

8    Vorobets for the plaintiff.

9          THE COURT:  Good afternoon.

10         MR. DAIRE:  Good afternoon, your Honor.  James Daire

11   appearing for defendant Clear Channel Outdoor.

12         THE COURT:  Okay.  This is on this afternoon on the

13   defendant's motion for judgment on the pleadings.  There are a

14   number of claims focusing on a contract that was entered into

15   by the parties.  Like a motion to dismiss on a judgment for --

16   or motion for judgment on the pleadings, the Court has to take

17   the allegations of the complaint as true.  In this case,

18   there's an evidentiary issue as to judicial notice.  I'm going

19   to go ahead and grant the motion for judicial notice.  I can

20   take judicial notice of the fact that there are those

21   ordinances.  It's really not a primary issue in terms of the

22   underlying motion.  I know the plaintiff opposes that.

23         MS. VOROBETS:  Your Honor, if I may, I believe the

24   defendants withdrew their request for judicial notice prior to

25   this hearing.

1          THE COURT:  You did?

2          MR. DAIRE:  That's right, your Honor.  We reached the

3   same conclusion you did that reaching the pro or con on

4   judicial notice wasn't necessary to make the ruling on the

5   motion.

6          THE COURT:  Okay.  Never mind.  We won't have to talk

7   about it.

8          Again, I can take judicial notice if the statute

9   exists, but it really doesn't come into play here.  The real

10  issue is obviously the interpretation of the contract.

11  Plaintiff sees it one way.  Defendants see it another way.  But

12  it is the type of claim that can be resolved on this type of

13  motion because of the fact that it's a contract interpretation

14  with one sort of twist in this case.  There seems to me,

15  Mr. Daire, to be three alleged breaches:  One, that your client

16  unlawfully terminated that of the lease that the 60 day

17  provision doesn't apply.  Second, that your client -- not

18  unlawfully, sorry -- breached the contract by removing the

19  billboard.  And then there's this third alleged breach that

20  your client failed to pay the three percent rent increase for

21  the last -- it's around 17 months, between November of 2015 and

22  March of 2017.

23         Let me just cut to the chase, and then I'll hear from

24  the parties.  But I don't accept and don't find plaintiff's

25  interpretation of the contract to be persuasive.  As much as

1    you want me to reread this contract, there's no question that

2    there is a provision in there that says without any conditions

3    that the lessee shall have the right to terminate this

4    agreement at the end of any 60-day period upon written notice

5    to the lessor served not less than 60 days before the end of

6    such 60-day period.  And although it's in a paragraph that has

7    other conditions, that sentence is not in any way conditional.

8    And then there's another sentence that talks about 60-day

9    notice that either party can give at the end of the term

10   period.  So I don't see any ambiguity.  I don't see any

11   confusion that is to me without question a very clearly written

12   provision in the contract.  It's really not a very lengthy

13   contract.  It's very simple and straightforward which was how

14   contracts were written back in 1985 because there were fewer

15   lawyers.

16        So in terms of trying to maintain a breach of contract

17   claim for the termination of the lease, I don't see any

18   violation or any breach by the defendants with respect to the

19   60-day notice, the 60-day period.  The same thing goes for the

20   removal of the billboard.  Clear Channel always had the right

21   to possess, own, and then remove that billboard under this

22   agreement, and there was no breach with respect to the removal

23   of the billboard.

24        The issue comes up on the failure to pay the rent

25   increase.  It's alleged and I think it's undisputed that Clear

Channel didn't pay the full amount that was due.  And for

purposes of this motion, I have to assume that the lease did

renew for ten years.  But for that 17-month period before

termination there wasn't the full amount paid.  I know you

believe you have defenses to that.  But for purposes of this

motion, I can't consider a waiver or any of those other

arguments.  So I don't see any way that this case doesn't go

forward on at least that issue.  It may lead to, as I said, a

summary judgment motion or some discovery and then a further

motion, but at this point I don't see any way around not

allowing the case to go forward on that.

MR. DAIRE:  I may have a way around that, your

Honor.

THE COURT:  Go ahead.

MR. DAIRE:  My client has authorized me to agree to --

you know, for purposes of resolving this case and this motion

to agree to pay the three percent for 2015 through the present.

Mr. Hendessi's prior lawyer, Mr. Walker, has calculated that

amount, and Clear Channel would be willing to pay it in order

to resolve this motion in this case.

THE COURT:  If you want to go down the hall and draft

a stipulation and present it to me along with dismissal, then

you can, but I'm not sure the plaintiff is going to agree with

that.

MS. VOROBETS:  Well, we can go and talk about it, and

1  after that, if we fail to resolve, then I would like an

2  opportunity to address what you have stated with regards to --

3          THE COURT:  That would be great, and I'll allow you to

4  do that, which sort of affects all the other claims in this

5  case.  Again, I don't see any basis for the plaintiff to

6  maintain a claim for waste.  Again, the removal of the

7  billboard was lawful.  It was appropriate under the contract.

8  There's no basis for stating a claim under Business and

9  Professions Code Section 17200 either given that there wasn't

10  anything unlawful, unfair, or fraudulent involved in this case.

11          The breach of the implied covenant of good faith and

12  fair dealing technically stays in the case.  It's almost

13  identical to a breach of contract claim, but it's still the

14  same damages that you're looking at which is the failure to pay

15  rent.  So that's the only issue I see remaining in this case,

16  and my inclination would be to grant the motion but for that

17  one issue.

18          Given that, feel free.  I have two other matters that

19  I have to take up this afternoon.  Take as long as you want

20  because it may take some time, but come back in and I'll bring

21  you back up, okay?

22          MS. VOROBETS:  So it would be partial grant of the

23  motion except for that cause of action?

24          THE COURT:  It would be a grant of the motion except

25  for that one issue, expect to go forward on that one issue.

1          MS. VOROBETS:  All right.  Thank you.

2          (Case adjourned.)

3          (Case was recalled at 2:41 p.m.)

4          THE CLERK:  Recalling 17-2175, Hendessi versus Clear

5    Channel Outdoor.

6          THE COURT:  All right.  Recalling this case, what do

7    you have to report?

8          MR. DAIRE:  So your Honor, we were able to find the

9    accounting from Mr. Hendessi's prior attorney as to the unpaid

10   three percent.  The amount is $1,300.42 covering the time from

11   November 2015 to the end of March 2017.  Clear Channel is

12   willing to stipulate to that amount for purposes of, you know,

13   entry of judgment.  I understand that Mr. Hendessi wants to

14   reserve rights to appeal which we don't have a problem with.

15   That's obviously his right to do so.

16         THE COURT:  Okay.

17         MR. DAIRE:  So that's how I suggest we proceed.

18         THE COURT:  Plaintiff agreeable with that?

19         MS. VOROBETS:  Well we're not going to be agreeable to

20   a stipulation of $1,300 and entry of judgment.  I'd like to put

21   arguments on the record, and as defense counsel stated, my

22   client intends to appeal the ruling if it stands the way it

23   does as you have indicated earlier.

24         THE COURT:  Okay.  You can put arguments that haven't

25   already been raised in the brief, so go ahead.

1      MS. VOROBETS:  Your Honor, I just want to make a

2    couple of brief points.  The standard on this motion is the

3    Court can grant the motion only if no material issue exists.

4    In this case -- and, you know, the standard is limited to

5    review of the pleadings, the four corners of the pleadings.

6    The four corners of the complaint, four corners of the exhibits

7    and the four corners of the answer indicate there are two

8    different interpretations of this contract, and this motion

9    unveiled the two different -- the two different parties that

10   operated under an understanding that this is a term contract

11   that terminates at the end for the past 30 years.  So the

12   custom and usage of the parties was that it would terminate at

13   the end of the contract with a 60-day notice.

14      THE COURT:  Okay.  You're getting into arguments that

15   I've already read and considered.  So I'm allowing you to make

16   a record that isn't already in the record, so I don't want you

17   to repeat what I've already read and what I've already

18   considered.

19      MS. VOROBETS:  We respectfully disagree with your

20   interpretation of the contract because we believe there are two

21   different interpretations of the contract that --

22      THE COURT:  I know.  You argued that in the briefs.

23   What I'm giving you an opportunity to do is add any argument

24   that isn't already in the briefs.  I've considered that

25   argument.

1    MS. VOROBETS:  Sure, your Honor.  There's case law

2    that exists that states that leave to amend is freely or

3    liberally granted in these circumstances.  The only other issue

4    I'd like to raise is we'd like to request leave to amend.  We

5    believe we can amend to state an ambiguity in the contract.  So

6    that's what I would like to request in my conclusion.

7    THE COURT:  Well, that's a new issue, and I do want to

8    explore that with you because, if the Court believes that leave

9    to amend would be futile, then there's no purpose to grant

10   amendment.  And although you didn't suggest what possible

11   additional facts you could raise, I couldn't think of any.

12   It's really a legal interpretation of that contract.  You read

13   it one way.  The Court reads it differently obviously.  But I

14   don't know what you could add to make that provision that I

15   found to be absolutely clear, the 60-day termination provision

16   to be ambiguous, unclear.

17   So I'll give you an opportunity, if you think you have

18   additional facts that you want me to consider that might lead

19   to allowing you to amend, and I'll let you make a record on

20   that; but I couldn't think of anything.  Because I normally do

21   give -- I'm pretty liberal in terms of giving leave to amend,

22   and I just -- I didn't see it with respect to these two main

23   issues which is could they remove the billboard and did they

24   have the right to terminate the 60 days noticed.

25   MS. VOROBETS:  Well, in interpreting this contract,

1    one of the considerations is the intent of the parties, right?

2    In the original contracting party, Mrs. Gregerson is still

3    alive, and she understood the contract to mean that it's a term

4    contract that's terminated at the end with a 60-day notice.

5    And so those would be --

6              THE COURT:  Wait, how do you know that?

7              MS. VOROBETS:  I spoke with her.

8              THE COURT:  Well, there's no declaration from her,

9    right?

10             MS. VOROBETS:  Right.  But the bottom line is a

11   plaintiff can allege those facts, that the original intent of

12   the parties was that it would be a term that's terminable at

13   the end.  Secondly, when my client was approached by the

14   defendant to renegotiate and renew in consideration for

15   nondevelopment, he understood the renewal to be or the

16   renegotiation to be that it would be a ten-year term that is

17   terminable at the end with a 60-day notice.  Otherwise, you

18   know, it becomes a 60-day contract that ties his hands with

19   regards to developing his property.  It is -- the

20   interpretation of the defendants is inconsistent with what the

21   parties understood, both my client as well as his predecessor.

22   So those are the facts that I could allege to amend my

23   complaint to state that the termination clause is the way we

24   understood it to be.

25             THE COURT:  Mr. Daire, you want to respond to that

1    just on the leave to amend issue?

2    MR. DAIRE:  Yes, your Honor.  So you only get into the

3    extrinsic evidence, parol evidence, question if you consider

4    the contract to be ambiguous in the first place.  There is no

5    ambiguity here.  I didn't hear any substantive argument to the

6    contrary from Ms. Vorobets.  And with respect to what I'm

7    hearing now is unexpressed subjective intent, as your Honor is

8    well aware, there's a reason why unexpressed subjective intent

9    is no good for contract interpretation because Clear Channel

10   will have representatives saying we understood the contract to

11   mean consistent with paragraph 2 as to the original lessor's

12   rights, paragraph 4 as to our rights, stated our rights to

13   early termination, and so it gets reductive and doesn't advance

14   the ball.  Bottom line in my view is if the Court is of the

15   view that the contract is unambiguous today, it will be

16   unambiguous tomorrow, and there's no meaningful way to amend

17   the complaint in order to state a cause of action.

18   THE COURT:  Okay.  Ms. Vorobets, go ahead.  Anything

19   else you want to add?

20   MS. VOROBETS:  Your Honor, the issue today is

21   interpretation of a contract.  Interpretation of contract

22   hinges on intent of the parties, custom and conduct of the

23   parties.

24   THE COURT:  Only if the contract's ambiguous.  There's

25   no ambiguity here.

1          MS. VOROBETS:  If I allege facts that show that the

2     parties intended it to be a terminable at the end with a 60-day

3     notice and I include that allegation in my complaint.

4          THE COURT:  Well, that's a conclusory allegation, so

5     the next question is is that plausible?  Was there

6     documentation?  Was there a proposed amendment?  Was there

7     writings between the parties?  I assumed if you had those that

8     would have been part of the argument in this case.  So unless

9     my assumption is completely off, just making the allegation now

10    under Iqbal isn't enough.  It's got to be plausible.  And given

11    what I see in this contract, that doesn't seem plausible unless

12    you have something that I just don't know about.

13         MS. VOROBETS:  The allegations are treated as true,

14    and the allegation that I would put in the complaint would be

15    based on my client's -- my individual client's understanding

16    the intent that he had going into the modification, and that

17    would be a successor in interest understanding of what the

18    original parties intended because there were conversations as

19    to what the intent of the parties was at the time the property

20    was purchased.

21         THE COURT:  Well, you said there were conversations,

22    and my question is where is the proof of those conversations?

23    What proof do you have other than your client's subjective

24    belief that there were those discussions?  Again, I'm assuming,

25    but it's a pretty fair assumption given my experience that

1    Clear Channel is going to say we didn't have those discussions.

2    There wasn't any such discussions.  There's nothing in writing.

3    Am I wrong?

4            MR. DAIRE:  No, your Honor.  You're correct.

5            THE COURT:  Okay.

6            MS. VOROBETS:  Your Honor, that would be the trier of

7    fact, for the jury to determine whether or not who to believe,

8    but my client is entitled to allege those conversations and/or

9    those facts that go toward the intent.

10           THE COURT:  Yeah.  But that's an amendment to a

11   contract that the Court's already found to be unambiguous, to

12   be clear on its face.  That's an amendment you're trying to

13   make to a contract.

14           MS. VOROBETS:  Your Honor, that's an amendment to the

15   complaint.

16           THE COURT:  Again, but you're trying to amend the

17   contract to, in effect, delete that provision that the Court's

18   found to be unambiguous which clearly says that Clear Channel

19   had the right to terminate with 60 days notice.  I know your

20   client doesn't like that provision, and now you're trying to

21   plead around it by saying, when he took over the contract, he

22   intended to delete that provision.  That's, in effect, what

23   you're saying.  Again, none of that seems plausible to me.  An

24   allegation at least has to be plausible.  You can make any

25   allegation you want, but in federal court, the pleading

1  standards are a little stricter than what happens in state

2  court, as I'm sure you're aware.

3          MS. VOROBETS:  Your Honor, that's an opinion of my

4  client's dealings with the defendant.  I mean, I respectfully

5  disagree with you.

6          THE COURT:  Understood.  That's why we have appellate

7  courts.  Okay.  The Court's ruling is going to stand.

8          In terms of your offered and stipulated judgment, it

9  will have to be for another day.  If you believe that there's a

10  basis for the Court entering a stipulated judgment, that's a

11  separate motion that would have to be briefed.  But the Court's

12  ruling stands.  The judgment on the pleadings is granted but

13  for that one specific issue with respect to the breach of

14  contract allegation on the rent.  All of the other claims, the

15  judgment on the pleadings is granted.  It also means the breach

16  of the covenant of good faith and fair dealing remains but only

17  on the rent issue.

18          What I want you to do, Mr. Daire, is prepare an order

19  reflecting the Court's ruling.  Just run it by plaintiff's

20  counsel for approval as to form, and then we'll move forward

21  from there with the case anticipating, I'm sure, further

22  motions.

23          MR. DAIRE:  Yes, your Honor.  Thank you.

24          THE COURT:  Okay.  Thank you both.

25          I'm sorry.  Just for the record, this now, at least

1  from the Court's point of view, is in effect a $1,342 case, not

2  including attorney's fees.  I'm not sure there's a basis for

3  attorney's fees which raises the question does the Court lose

4  jurisdiction because we're here on diversity, and the threshold

5  set is 75,000.  I did look at that issue.  Just so both counsel

6  know, I've looked at it before in other cases.  You don't lose

7  diversity jurisdiction.  I still have jurisdiction over the

8  case.  This jurisdiction is determined at the time the

9  complaint is filed, so it's not a case where I can remand it

10  back to the state courts or that I would.  So I'll retain

11  jurisdiction as well.

12          MR. DAIRE:  Thank you, your Honor.

13          THE COURT:  Okay.  Thank you.

14          (The proceedings adjourned at 3:04 p.m.)

15                      --oOo--

16  I certify that the foregoing is a correct transcript from the

17  record of proceedings in the above-entitled matter.

18                      /s/ Kacy Parker Barajas

19          _____
            KACY PARKER BARAJAS
20          CSR No. 10915, RMR, CRR, CRC

21

22

23

24

25