| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |
| | SACRAMENTO DIVISION |

| | |
|---|---|
| MOZAFAR HENDESSI,<br><br>            Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL OUTDOOR, INC.; and DOES 1 through 25, Inclusive,<br><br>            Defendants. | No: 17-cv-02175-JAM-DB<br><br>[~~PROPOSED~~] **ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT CLEAR CHANNEL OUTDOOR, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

|   |   |
|---|---|
| 1 | A hearing on Defendant Clear Channel, Outdoor, Inc.'s ("Clear |
| 2 | Channel") Motion for Judgment on the Pleadings was held on February |
| 3 | 27, 2018. Alla Vorobets appeared and argued for Plaintiff Mozafar |
| 4 | Hendessi ("Hendessi"). James Daire appeared and argued for Clear |
| 5 | Channel. After consideration of the arguments made during the |
| 6 | hearing and all papers filed in support of and in opposition to, |
| 7 | the Court hereby GRANTS-IN-PART and DENIES-IN-PART Clear Channel's |
| 8 | motion as follows. |
| 9 | Judgment on the pleadings is appropriate after the pleadings |
| 10 | have closed when, on the face of those pleadings, accepting the |
| 11 | allegations of the non-moving party as true, no material issue of |
| 12 | fact remains to be resolved. *See* Fed.R.Civ.P. 12(c); *Hal Roach* |
| 13 | *Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 |
| 14 | (9th Cir. 1990). Under those circumstances, the moving party can |
| 15 | obtain judgment as a matter of law. *See Hal Roach Studios*, 896 |
| 16 | F.2d at 1550. An action for breach of contract is ripe for |
| 17 | resolution at the pleading stage when the meaning of the contract |
| 18 | is clear. "Resolution of contractual claims on a motion to dismiss |
| 19 | is proper if the terms of the contract are unambiguous." *HSBC Bank* |
| 20 | *USA, Nat. Ass'n v. Dara Petroleum, Inc.*, 2010 WL 2197525, at *2-3 |
| 21 | (E.D. Cal. May 28, 2010) (citing *Monaco v. Bear Stearns Residential* |
| 22 | *Mortgage Corp.*, 554 F.Supp.2d 1034, 1040 (C.D. Cal. 2008)). |
| 23 | In this case, the Court finds the lease at issue is express, |
| 24 | clear, and succinct. The lease states: "[Clear Channel] shall have |
| 25 | the right to terminate the agreement at the end of any sixty day |
| 26 | period upon written notice to [Hendessi], served not less than |
| 27 | sixty days before the end of such sixty day period." DN 1 |
| 28 | (Complaint) Ex. B. The Court finds that this provision is |

unambiguous and that it permits Clear Channel to terminate the lease at the end of any 60 day period upon written notice to Hendessi, served not less than 60 days before the end of such 60 day period.

Accepting the allegations in Hendessi's Complaint as true, on January 18, 2017, Clear Channel "purported to terminate" the lease "effective March 31, 2017," removed its billboard, and "timely paid monthly rent to HENDESSI up to and including March, 2017." DN 1 (Complaint) ¶¶ 23, 24, 28.

Since the Court finds that Clear Channel had the right to terminate the lease and remove its sign, the Court hereby awards judgment on the pleadings in favor of Clear Channel with one exception. For purposes of Clear Channel's motion, the Court assumes that the lease automatically renewed effective November 1, 2015. Hendessi is therefore entitled to pursue his claims that Clear Channel breached the contract and the implied covenant of good faith and fair dealing by failing to pay Hendessi an annual rent increase of three percent beginning November 1, 2015, to the effective date of termination on March 31, 2017. In all other respects, Clear Channel's Motion for Judgment on the Pleadings is granted.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED.

DATED: 3·12·2018

Hon. John A. Mendez